IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

GAYLA SMITH,

and

JOANNE MARIE LEVELLE

Plaintiffs,

v. CIVIL NO.: 05-CV-1192

KING HAGERSTOWN MOTORS, LLC, et al.,

Defendants.

* * * * * * * * * * * * *

MEMORANDUM OPINION

Plaintiffs Gayla Smith and Joanne Marie Levelle (the "Plaintiffs") have sued King Hagerstown Motors, ("King"), HSBC Auto Finance, Inc. ("HSBC"), and Capital One Auto Finance, Inc. ("Capital One"), individually and on behalf of a proposed class, for violation of the Maryland Credit Grantors Closed End Credit Provisions ("CLEC"), Maryland Code 12-1001 *et seq.* Pending is the Plaintiffs' motion to remand this action to the Circuit Court for Washington County. Also pending are the Defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Plaintiff's motion to remand will be granted. The Defendant's motions to dismiss will be denied as moot.

I. Background

In June 2002, Gayla Smith entered into a retail installment sales agreement with King to finance the purchase of a truck. Complaint, ¶¶ 2-3. That financing agreement was later assigned to HSBC. *Id* at 4. Joanne Levelle entered into a similar financing agreement with King in January 2003. *Id* at ¶¶ 8-9. That agreement was later assigned to Capital One. *Id* at 10.

Plaintiffs argue that these financing agreements required the Plaintiffs to pay “other” fees that are not permitted under CLEC. *Id* at ¶¶ 6, 12. Accordingly, Plaintiffs seek class certification, declaratory and injunctive relief, and damages of not more than $74,999 for each class member.

Defendants contend that the “other” fees in the sales agreements were a $20 dealer computerized vehicle registration fee and a $25 dealer document preparation fee which are permitted under Maryland law. Defendants argue that the complaint should be dismissed for failure to state a claim because the fees charged were legal.

Plaintiffs brought this action in the Circuit Court for Washington County. The case was removed pursuant to 28 U.S.C. §§ 1332(d) and 1453. Plaintiffs have moved to remand the case arguing that § 1332(d) requires this Court to decline jurisdiction.

## II. Analysis

### A. Plaintiffs’ Motion to Remand

Section § 1332(d)(2), enacted as part of the Class Action Fairness Act in 2005, provides that a district court has original jurisdiction over any class action in which the amount in controversy is greater than $5,000,000 and when any member of the class is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2).

Under § 1332(d)(4)(A), however, a district court must decline to exercise jurisdiction over a class action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes...are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant–
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

Plaintiffs contend that this Court must decline to exercise jurisdiction as more than two-thirds of the members of the proposed class are citizens of Maryland, the alleged injuries were incurred in Maryland and one of the defendants, King, is a citizen of Maryland from whom significant relief is sought and

whose conduct forms a significant basis for the claims asserted.

There is no dispute that: 1) the vast majority of potential class members will be Maryland citizens; 2) the alleged injuries were incurred in Maryland; and 3) King is a Maryland corporation with its principal place of business in Maryland. Defendants argue, however, that Plaintiffs are not seeking "significant relief" from King and, therefore, § 1332(d)(4)(A) does not apply.

It is clear from the Complaint that King faces significant potential liability. Plaintiffs allege that the Defendants are all liable for violations of CLEC and seek declaratory relief, injunctive relief, damages and attorneys fees from all defendants. Complaint, ¶ 47, 49-50. As King was responsible for drafting and entering into the sales agreement, King is potentially liable to all class members whereas HSBC and Capital One would be liable only to smaller subsets of members. Also, although HSBC and Capital One may be forced to forfeit the right to collect interest from class members, King may face claims for indemnification for these lost charges.[1]

As King's potential exposure is considerable, § 1332(d)(4)(A)(II)'s requirements are met. As it is undisputed that the other elements of § 1332(d)(4)(A) are present, the Court will decline to exercise jurisdiction. Accordingly, the Court

[1] HSBC has already acknowledged that in the event it is found liable, it may seek indemnification from King. HSBC's Notice of Removal, ¶ 12, note 2.

will order this case remanded to the Circuit Court for Washington County.

B. Defendants' Motions to Dismiss

As this case will be remanded to the Circuit Court, Defendants' motions to dismiss will be denied as moot.

December 6, 2005
Date

/s/
William D. Quarles, Jr.
United States District Judge